IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA, | * |
|---|---|
| Plaintiff, | * |
| v. | * Criminal No. PJM 17-376 |
| KENNETH HART, | * |
| Defendant | * |

## MEMORANDUM OPINION

The Court has before it the parties' Consent Motion to Exclude Time Pursuant to 18 U.S.C. § 3161 (ECF No. 76), and their Consent Motion to Continue the Motions Hearing and Trial (ECF No. 77). Although the Government and Defense Counsel consent to the Motions, the request to exclude time is the eighth such request in the case to date. The Court has also received a letter from Defendant Kenneth Hart expressing concern that he has been incarcerated pending trial for over two years since a sealed Complaint was filed. Although Defendant has not styled his letter as a motion or request, given the numerous continuances heretofore, the Court writes to address his concerns and in particular to explain the justification for granting the Motion tolling the speedy trial clock. For the reasons that follow, the Court **GRANTS** the consent Motions (ECF Nos 76, 77). Trial will be set for November 12-22, 2019.

### I. PROCEDURAL BACKGROUND

Defendant was first indicted in this case on July 17, 2017. There were three subsequent Consent Motions to toll the speedy trial act clock filed on August 25, 2017 (ECF No. 14, 15) October 2, 2017 (ECF No. 18, 19), and November 12, 2017 (ECF No. 21, 22), all of which were granted. A Superseding Indictment was filed on January 8, 2018. ECF No. 26. Shortly thereafter,

1

on January 19, 2018, Defendant's attorney at the time asked to be terminated from the case. Substitute and current counsel, Michael Lawlor, Esquire, was appointed on January 23, 2018. ECF No. 41. Over the next year and a half, the parties filed four additional Consent Motions to toll the speedy trial act clock—on February 2, 2018 (ECF No. 51, 52), March 20, 2018 (ECF No. 56, 57), May 10, 2018 (ECF No. 58, 59), and July 12, 2018 (ECF No. 60, 61)—all of which were granted. The final Motion tolled the clock until July 23, 2019, when trial was initially set. *See id.* A Second Superseding Indictment was filed on June 24, 2019.

On June 19, 2019, the Government and Defense Counsel sent a joint email to Chambers explaining that both parties "believe a continuance is appropriate both because the government has recently produced additional discovery" and for other evidentiary reasons, inquiring whether the Court would be available to hold the trial in November 2019. The Court confirmed it was available for trial during the month of November. The Court subsequently received a letter directly from Defendant, which was dated June 26, 2019 but received in Chambers on July 1, 2019. ECF No. 74. In it, he expressed concern over the fact that he has been incarcerated awaiting trial for roughly two and a half years, which he believes violates his Sixth Amendment right to a speedy trial. *See id.* The Court therefore asked the Government and Defense Counsel to submit a more complete explanation of the need to continue tolling the speedy trial act clock. Counsel filed the Consent Motion to Toll the Speedy Trial Act Clock, ECF No. 76, on July 9, 2019, and the Consent Motion to Continue the trial, ECF No. 77, on July 10, 2019. At the Court's request, the Government filed a Memorandum in Support of these requests on July 19, 2019. ECF No. 81.

## II. LEGAL STANDARD

The Speedy Trial Act provides that a defendant's trial must commence within seventy days from the filing of the indictment unless one of several exceptions applies. 18 U.S.C. §§ 3161(c)(1), (h). Exceptions include the filing of a pretrial motion, 18 U.S.C. § 3161(h)(1)(D), other proceedings including plea negotiations, 18 U.S.C. § 3161(h)(1), *see United States v. Keita*, 742 F.3d 184, 188 (4th Cir. 2014), the joining of a codefendant, 18 U.S.C. § 3161(h)(6), and "ends of justice" reasons, 18 U.S.C. § 3161(h)(7)(A).

As to an ends of justice continuance, the Speedy Trial Act excludes any delay caused by a continuance granted at the request of the Government, the defendant, or based on the court's own judgment "if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). Several courts have held that time spent in plea negotiations is appropriately excluded pursuant to the "ends of justice" justification when judge finds that those interests outweigh the public's and the defendant's interest in a speedy trial. *See, e.g., United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005) ("Periods of time devoted to negotiating plea agreements . . . may be excluded if the district court" determines that "'the ends of justice served by [granting a continuance and excluding the time from calculation] outweigh the best interest of the public and the defendant in a speedy trial.'"); *United States v. Van Somerern*, 118 F.3d 1214, 1218-19 (8th Cir. 1997) ("ends of justice" exclusion and section 3161(h)(1) may in some cases permit a continuance or plea negotiations); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994); *see also United States v. Robey*, 831 F.3d 857, 863 (7th Cir. 2016) (court's "ends-of-justice continuances" were "reasonable decisions because they allowed [the defendant], at an early stage in the case, to pursue the option of a plea agreement and still prepare for trial"), *cert. denied*, 137

S. Ct. 2214 (2017); *but see United States v. Ramirez-Cortez*, 213 F.3d 1149, 1155 (9th Cir. 2000) ("[n]egotiation of a plea bargain is not one of the factors supporting [an ends-of-justice] exclusion") (quoting *United States v. Perez-Reveles*, 715 F.2d 1348, 1352 (9th Cir. 1983)).

### III. ANALYSIS

The first Consent Motion tolling the speedy trial clock was filed on August 25, 2017, ECF No. 14—thirty-nine days after July 17, 2017, the date Defendant was first indicted. ECF No. 12. Since that date there have been no breaks in the tolling motions. *See* ECF Nos. 18, 21, 51, 56, 58, 60. The clock is currently tolled through July 23, 2019. ECF No. 61. All of those Motions have been agreed to by both the Government and Defense Counsel. If all of those Motions are deemed appropriate, only thirty-nine of the seventy days on the speedy trial act clock have passed. The Court finds they were.

As an initial matter, the Speedy Trial Act explicitly provides that continuances may come "at the request of the defendant or his counsel." 18 U.S.C. § 3161(h)(7)(A) (emphasis added). Several courts have endorsed the idea that "in the ordinary course and within the confines of the STA exclusion provisions, Defense Counsel has the power to seek an STA continuance without first informing his client or obtaining his client's personal consent." *United States v. Gates*, 709 F.3d 58, 66 (1st Cir. 2013) (citing *United States v. Bryant*, 134 F.3d 364 (4th Cir. 1998) (explaining that the district judge was entitled to conclude defendant's counsel spoke for him in the STA context)). The Court is skeptical of Defendant's assertions that he never consented to any of the seven prior continuances in this case. At those times, "he never asked to proceed *pro se* or even expressly requested the appointment of new counsel."[1] *Bryant*, 134 F.3d 364 at *3. Two separate

---

[1] Hart's first attorney asked to be removed from the case, but not due to a request on the part of Defendant.

4

lawyers have had to get up to speed on the case, notably after Defendant's first attorney spent several months on the case, beginning shortly after the Superseding Indictment was filed. The Court is entitled to presume that at the time of the previous continuances, Defendant's attorneys spoke for him.

Overall, the case is complex—including charges ranging from sex trafficking to narcotics offenses, several victims, and three other related federal cases, *see* ECF No. 76 at 6—such that sufficient time for counsel to study the case has been called for throughout. Furthermore, each of the seven previous continuances, as well as the one at issue, is independently justified.

The first Consent Motion tolling the speedy trial clock noted that "[t]he parties require additional time to complete and review discovery… and to explore whether the case may be resolved short of trial." ECF No. 14 at 2. The first consent motion was therefore appropriate, given both parties' interest in preparing for trial, and to allow them to engage in plea negotiations. After this first motion was granted, on September 18, 2017, Defendant's then-attorney requested a preliminary criminal history report, to determine how his history might affect "the non-mandatory sentencing guidelines and applicable sentencing statutes." ECF No. 16 at 1. Given Defendant's apparent extensive criminal history, the Court granted the Motion and excluded the time for the preparation of that report.

The second Consent Motion tolling the speedy trial clock was filed on October 2, 2017 and requested that time be tolled starting September 25, 2017 to allow for the completion of discovery, and further plea negotiations in view of the U.S. Probation Office's completed pre-plea criminal history report. ECF No. 18 at 2. Again, given the ongoing plea negotiations, the request for a pre-plea criminal history report, and the need to complete discovery, time was appropriately tolled.

The third Consent Motion tolling the speedy trial clock, filed on November 12, 2017, explained that the parties "require[d] additional time to explore whether the case may be resolved short of trial in light of the recently completed pre-plea criminal history report by the U.S. Probation Office." ECF No. 21 at 2. Once again, given the ongoing plea negotiations, time was appropriately tolled.

After the third Consent Motion tolling time, which had been filed on November 12, 2017, on January 8, 2018, the Government filed a Superseding Indictment alleging the Defendant had committed additional serious crimes, i.e., sex trafficking and conspiracy, and adding as co-Defendant Theresa Shipley. ECF NO. 26. Shortly thereafter, Attorney Lawlor was appointed to replace Defendant's previous attorney. ECF No. 41. On February 2, 2018, Attorney Lawlor joined in a fourth Consent Motion to toll the clock, which explained that "the parties require[d] additional time to explore whether the case may be resolved short of filing motions and trial in light of the recently filed Superseding Indictment." ECF No. 51 at 2-3. Tolling that time was deemed appropriate for several reasons, including the issuance of the Superseding Indictment, Defense Counsel's recent entry into to the case, the addition of a co-Defendant, and the apparently still ongoing plea negotiations. Particularly with regard to the joining of a co-Defendant in the Superseding Indictment, 18 U.S.C. § 3161(h)(6) provides that a "reasonable period of delay" is excludable from time "where a defendant is joined for trial with a codefendant as for whom the time for trial has not run and no motion for severance has been granted."

The fifth Consent Motion, filed on March 20, 2018, pointed out the recent Superseding Indictment and the addition of co-Defendant Shipley into the case. The parties again urged that tolling the speedy trial act clock would best serve the public interest and the ends of justice, and yet again recounted efforts to explore whether the case could be resolved short of dispositive

6

motions and trial. ECF No. 56 at 2. At the time, the Court agreed that the ends of justice would be best served by tolling the clock, especially in view of the several serious charges that had recently been added to the case. Accordingly the Motion was granted.

The parties filed the sixth Consent Motion to toll time on May 10, 2018, giving essentially the same explanation they relayed in the fifth Motion—that they were attempting to resolve the case short of dispositive motions and trial. ECF No. 58 at 2. For the same reasons given earlier, the Court granted the Motion.

The parties filed their seventh and most extensive Consent Motion to stop the clock on July 12, 2018. At that point, all parties (Defense Counsel, counsel for co-Defendant Shipley, and the Government) had settled on a trial date—July 23, 2019. They requested that time be tolled through that date to serve the ends of justice and to further explore the possibility of a pre-trial settlement. ECF No. 60 at 2. The Court agreed. *See, e.g.*, *New York v. Hill*, 528 U.S. 110, 115 (2000) (noting, in the context of a waiver under the Interstate Agreement on Detainers, that "[s]cheduling matters are plainly among those for which agreement by counsel generally controls," that "'the lawyer has—and must have—full authority to manage'" matters including the conduct of a trial, and that "[a]bsent a demonstration of ineffectiveness, counsel's word on such matters is the last"), *Henry v. Va. Dep't of Corr.*, No. 3:17CV03 (HEH), 2018 U.S. Dist. LEXIS 29826, at *19 (E.D. Va. Feb. 23, 2018) (reasoning, following *New York v. Hill*, that "the Supreme Court of the United States held that Defendant's counsel could waive Defendant's speedy trial rights under the IAD if she agreed to a court date outside of the time deadline. Since [Henry's] counsel agreed to the [] court date, [Henry's] speedy trial rights were waived").

The parties represent that during that tolled period, the Government has continued "to explore with counsel for both defendants Hart and Shipley whether the case could be resolved short of trial." ECF No. 76 at 3. And, in fact, on June 17, 2019, co-Defendant Shipley pled guilty to certain of the charges against her, while on June 24, 2019, the Government filed a Second Superseding Indictment against Defendant. During this tolled period, the Government produced discovery to Defense Counsel on May 28, 2019, June 7, 2019, and July 3, 2019. *Id.* On June 14, 2019, while the trial was still set for July 23, 2019, the Government filed a motion in limine to exclude certain evidence at trial, a motion currently pending before the Court.

As to this final Consent Motion to toll the clock and the related Motion to Continue the Motions Hearing and Trial, the parties point out that the Government only recently turned over newly discovered evidence (i.e. discovery as recently as July 3, 2019). They argue that the case is "so unusual or so complex" as to warrant a continuance because it would be "unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B). The parties also point out that the Government's motion in limine is currently pending before the Court, which tolls the clock pursuant to 18 U.S.C. § 3161(h)(1)(D).

The Court agrees that, given the pending motion, the complex nature of the case, and the fact that newly discovered evidence has just been made available to Defense Counsel, a continuance of the trial date is appropriate. Not only is it consistent with the justifications recognized in the Speedy Trial Act case law discussed above, it is in Defendant's own best interest to allow his attorney a few months of time to prepare for trial in light of the new evidence.

## V. CONCLUSION

Defendant's pretrial incarceration is concerning. The record, however, indicates that at all relevant times, his attorneys speaking for him, duly agreed to toll his speedy trial act clock in each of the seven preceding motions. The Court understands that Defense Counsel has been discussing developments in the case with Defendant all along, and that the Government is expeditiously turning over discovery as it becomes available. The Court anticipates, then, that future requests for continuances will be unlikely. Since the Consent Motions tolling the Speedy Trial Act Clock have been unbroken since the first motion on August 25, 2017, by the Court's count only thirty-nine days have counted towards Defendant's Speedy Trial Act right. For the foregoing reasons, the Court finds that the requirements of 18 U.S.C. § 3161 are satisfied and will **GRANT** the Consent Motion to Exclude Time (ECF No. 76) and the Consent Motion to Continue Motions Hearing and Trial to November 12, 2019 (ECF No. 77), projected to last two weeks.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**July 23, 2019**